GERARD R. HILLS, ET AL., [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hills v. Commissioner
Docket Nos. 20526-84, 20577-84, 20578-84.
United States Tax Court
T.C. Memo 1986-432; 1986 Tax Ct. Memo LEXIS 180; 52 T.C.M. (CCH) 454; T.C.M. (RIA) 86432; September 11, 1986. *180 Michael H. Singer, for the petitioners. Kenneth A. Burns, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in and additions to petitioners' income taxes for 1980 as follows: Additions to Tax
Petitioner
Deficiency
Section 6653(a) [2]
Section 6651(a)
Hills
$6,331.43
$316.57
Shields
6,303.00
315.15
1,281.31
Brewer
8,227.30
411.37
After concessions, the only issue remaining for decision is whether petitioners are relieved from their 1980 income tax liabilities because of the so-called toke compliance program initiated by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and exhibits attached thereto are incorporated herein by reference. All petitioners resided in Las Vegas, Nevada at the time their petitions were filed in these cases. During 1980, *181 petitioners Gerard R. Hills (Hills), William L. Shields (Shields), no relationship to the author of this opinion, and Douglas B. Brewer (Brewer), were employed as twenty-one dealers at different casinos in Las Vegas. They each received a salary and were entitled to keep tokes, which are casino chips given by a patron to a dealer as tips or placed as bets for him. Each petitioner admits that all of his toke income for 1980 was not reported on a timely filed 1980 return. In 1981, the Nevada District of the Internal Revenue Service initiated a toke compliance program designed to increase compliance by casino dealers in the reporting of their toke income. Participating dealers agreed to keep a daily record of their toke income, submit the daily record to the Internal Revenue Service on a monthly basis, and report monthly to their employers all toke income received. Each participating dealer was to begin complying with the program as soon as he signed up in 1982. The Internal Revenue Service agreed that the toke income of dealers who fully complied would not be audited for years prior to 1982. Respondent's agents began the program by meeting with the dealers at each casino in late *182 1981 and early 1982. During these meetings the program was described and the dealers were invited to participate as a group or individually. Individual dealers who wanted to participate could do so by sending a letter to or calling respondent. All of the dealers at each casino, however, had to sign up by a given date which varied from casino to casino. For instance, dealers working at one casino had a deadline of April 15, 1982, while dealers at another casino had until June 15, 1982. Of the three petitioners, only Shields agreed to participate in the program. However, during 1982, Shields only reported approximately thirty-five percent of his toke income to his employer. Consequently, on April 12, 1983, respondent sent him a "last chance" letter. This was a letter sent to dealers who had originally signed up for the program but who had apparently failed to comply with the reporting requirements. In the letter Shields was advised that to be considered in compliance, he would have to send to the District Director by April 15, 1983 a copy of his 1982 return reflecting all of his toke income. The letter advised Shields that if he had already filed a 1982 return which did not *183 include all of his toke income, he could still be in compliance with the program if by April 22, 1983 he filed an amended return containing all of his toke income. Shields filed an original 1982 return containing all of his toke income in November 1983. Neither Hills nor Brewer reported all of their toke income to their employers during 1982. Hills did not report all of his toke income on his 1982 tax return, but Brewer reported all of his toke income for 1982 on his return for that year. OPINION Petitioners contend that they have no income tax liability for 1980 because (1) they met all of the requirements of the toke compliance program; and (2) respondent is estopped from auditing their 1980 returns. (1) Compliance Program
It is clear from the record as a whole that none of petitioners complied with the program. Shields originally agreed to participate, but forfeited his right to the program's benefits by failing to include all of his toke income in his reports to his employer or in a timely filed income tax return. Brewer did not sign up for the program, but claims that he was in compliance because he reported all of his 1982 toke income on a timely 1982 return *184 and reported all of his 1983 toke income to his employer. He, however, failed to report his toke income during 1982 to his employer as required by the program. Hills did not make reports to his employer or include all of his toke income in a timely 1982 return as required by the program. Consequently, they, too, have forfeited the benefits of the program. (2) Estoppel
The thrust of petitioners' second argument is that respondent is estopped from auditing their returns for 1980 because respondent did not audit the returns of other dealers who were similarly situated. In this connection, we first note that the record as a whole indicates only that respondent did not audit some dealers who had initially signed up for the program but who later failed to fully comply. Consequently, dealers such as Brewer and Hills, who did not sign up, have no basis in the record for their argument that they were treated unfairly. With respect to Shields, it is conceivable that he may have complied with the program to the same extent as some dealers who were not audited. We, however, cannot go behind a notice of deficiency in order to examine the motives or policies of respondent in making *185 administrative decisions such as whom to audit, ; ; , unless there is substantial evidence of unconstitutional conduct on respondent's part. See . No such evidence appears in this record. Petitioners rely on and . However, those cases do not support petitioners' position. The Court of Claims in International Business Machines Corp. held that two competing businesses which requested identical letter rulings from respondent had to be treated equally. The District Court in Tonkonogy merely held that respondent was bound by the representations of its agents. We conclude, therefore, that on the record before us there is no basis for relieving petitioners from their 1980 tax liabilities. Decisions will *186 be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: William L. and Rita Shields, docket No. 20577-84; and Douglas B. and Karen Brewer, docket No. 20578-84.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, during the years in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩